986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Miquel Dwyne SHEARER, Plaintiff-Appellee,
v.
Donald STEWART, Alan Sims, Don Brown, Jodie Ison, Gary
Beckstrom, Don Shepard, Sharon Taylor, Fannie Steele, Claude
Walridge, Chekeenia Lanham, Julie Westerfield, and Dewey
Sowders, Respondents-Appellants.
 No. 91-5424.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1993.
 
 Before KEITH and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 PER CURIAM:
 
 
 1
 Miquel Dwyne Shearer, a former prisoner in the Kentucky prison system, filed suit against twelve prison officials, alleging that he was denied due process rights and subjected to cruel and unusual punishment when he was placed in segregated confinement from May 5, 1988 until June 1, 1988. Shearer sought injunctive, declaratory, and monetary relief. The defendants contend that the district court erroneously denied their motion for summary judgment on the basis of qualified immunity.
 
 
 2
 On May 5, 1988, Shearer spoke with Julie Westerfield, a grievance coordinator, and requested that she set up a psychological examination in order to document his request for a transfer. Westerfield perceived Shearer's behavior as threatening and reported the incident to the warden. Later that day, Shearer was placed in administrative segregation. He was not told the reason for his confinement. On May 10, Shearer appeared before the Classification Committee. At that time, Shearer only knew that he was confined pending an investigation; he did not know what the investigation referred to, and neither did the Classification Committee. The Classification Committee recommended that Shearer remain in administrative segregation because the investigation of the allegations against him had not been completed.
 
 
 3
 On May 12, 1988, Stewart prepared an Incident Report against Shearer, charging that he engaged in extortion, blackmail, or made threatening statements. Shearer denied these charges and requested that certain witnesses appear before the Adjustment Committee.[2]
 
 
 4
 The Classification Committee reviewed Shearer's administrative confinement on May 13, May 20, and May 27, 1988. Each time the committee concluded that his administrative confinement should continue until the investigation of the disciplinary charges had been completed. Between May 13 and May 31, 1988, Shearer requested to appear before the Adjustment Committee, but his requests were denied because he refused to waive his due process rights. On May 24, 1988, the Adjustment Committee obtained written statements from the four witnesses Shearer had requested twelve days earlier.
 
 
 5
 The Adjustment Committee reviewed the charges against Shearer on May 31, 1988, and issued the following finding: "Dismissed--Information received that C.O. Westerfield was not the officer who initiated this write-up. Due process violation is clear in this case." The write-up was determined to be improper because it was initiated by Stewart, and not Westerfield--the only person with personal knowledge of the incident. Corrections Policies and Procedures No. 15.6, § VI.C.3 requires that an Incident Report "be clear, concise and contain only the facts the reporting employee has personally witnessed or otherwise verified, including a statement of how such verification was made." Shearer was released from administrative segregation on June 1, 1988.
 
 
 6
 On October 21, 1988, Shearer filed this suit against twelve prison officials. The district court dismissed most of the claims, leaving only a due process claim against several defendants, including appellant Donald Stewart. The defendants moved the court to dismiss the remaining due process claim because Shearer was accorded all of the process he was constitutionally due and because the defendants were entitled to qualified immunity.
 
 
 7
 The magistrate, in a report adopted in full by the district court, found that Shearer's segregated confinement from May 5 until May 13, 1988, was for the purpose of conducting an investigation into the incident with Westerfield. However, the magistrate concluded that there was a genuine issue of material fact as to whether Shearer's confinement from May 14 until May 31, 1988 was for administrative or disciplinary purposes. If the segregated confinement was for the administrative purpose of separating Shearer from the general prison population pending an investigation of disciplinary charges, as the defendants claim, then Shearer was accorded all of the process he was constitutionally due and the defendants are entitled to qualified immunity. If, on the other hand, the defendants' claim of an administrative purpose is actually a pretext, and Shearer was placed in segregated confinement for disciplinary purposes, then Shearer was not accorded the due process rights required by Wolff v. McDonnell, 418 U.S. 539 (1974), and the defendants are not entitled to qualified immunity.
 
 
 8
 Captain Donald Stewart is the only appellant properly before this court because he is the only appellant named in the notice of appeal. Minority Employees of Tenn. Dep't of Employment Secur., Inc. v. Tenn. Dep't of Secur., 901 F.2d 1327 (6th Cir.), cert. denied, 111 S.Ct. 210 (1990) (the use of "et al." in notice of appeal provides inadequate specification of any appellants beyond those specifically named). Stewart was not a member of the Classification Committee and therefore played no role in the decision to continue Shearer's segregated confinement after May 13, 1988. Therefore, as Shearer's counsel conceded at oral argument, Stewart cannot be held liable for any violation of Shearer's constitutional rights resulting from his segregated confinement after May 13, 1988.
 
 
 9
 For the foregoing reasons, we REVERSE the order of the district court with respect to the defendant Donald Stewart. Insofar as the appeal purports to include any of the other eleven defendants, it is DISMISSED for want of jurisdiction.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [2]
 The Adjustment Committee is a subcommittee of the Classification Committee. It determines the appropriate discipline for violations of the prison rules